ARCADIO RIVERA, Petitioner, *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, EMILIO S. BELAVAL, JUDGE, Respondent; CLÍNICA ANTILLAS, INC., Intervener.

No. 1891. Argued April 9, 1951.—Decided June 29, 1951.

*Joaquín Gallart Mendía* and *Augusto Palmer,* Counsel of the Department of Labor and for petitioner.  *Juan Rodríguez de Jesús, Raúl Trujillo Santiago* and *Mariano Canales Delgado,* for intervener, respondent in the main action.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Arcadio Rivera worked as an employee for the Clínica Antillas Inc., from May 2, 1949 to March 13, 1950, on which date he resigned.  He had a monthly salary of $46 which was paid to him at the rate of $15 semi-monthly plus daily breakfast, lunch, dinner, and board.  When he resigned his employment Rivera claimed from the Clínica Antillas Inc., the amount of $17.62 owed him for annual leave accumulated and not paid.  The clinic refused to pay said amount and the employee filed the present action for recovery of the amount, plus an equal sum by way of penalty.

We issued the writ of certiorari to review the judgment of the lower court which dismissed the complaint on the ground that in accordance with Mandatory Decree No. 4 of the Minimum Wage Board of Puerto Rico, subdivision C-1 [1]— applicable to employees and workers of hospitals, clinics, and sanatoriums—petitioner had no right to claim compensation

---

[1] Subdivision C-1 of the Decree provides:

*"Week day of rest, leave, and vacation.*—Every permanent employee included in the provisions of this Decree shall be entitled to one day of rest for every six days of work, fifteen (15) days a year with full pay for sick leave and fifteen (15) days leave of absence a year with pay.

"For the enjoyment of the annual leave it shall be necessary, unless otherwise provided by law, that the employee be working for the employer, after this Decree becomes effective, at least one year prior to the commencement of his vacation.  The employer shall grant the employee said vacation leave at the latter's request, and when the employer deems that it shall not affect substantially the service.  Annual leaves shall never be accumulated for more than thirty (30) days; if the employee after accumulating them resigns in his work or is removed without just cause, the employer shall pay to him immediately the amount equivalent to the vacation accumulated, as if, during that time, the employee had been working."

for annual leave, because he had not worked "at least one year before the commencement of said leave."

After establishing the right of every employee included therein to 15 days annual leave with pay, Mandatory Decree No. 4 provides that in order to enjoy said leave it shall be necessary—unless otherwise provided by law—that the employee should have been working with the employer, the Decree already in force, for at least one year before the commencement of his leave. It also provides that the accumulated annual leave shall not exceed 30 days and that, if any, if the employee resigns, ceases in his work or is removed without just cause, the employer shall pay him for the accumulated period. There is nothing in the Decree, however, in the sense that leaves may only be accumulated from year to year, that is, from 15 to 15 days, till a maximum of 30, because the Decree's requirement that the employee should have worked for the employer at least one year before the commencement of his leave, tends to limit the right of the employee in the *enjoyment* of the leave which is granted by law, and not to exonerate the employer from payment therefor when the employee resigns, ceases or is removed without just cause, whether or not in such cases the employee at the end of his work has been a whole year working for the employer, for although the leave is computed at the rate of 15 days each year and at least one year must elapse before the employee may enjoy it, for the purpose of paying compensation at the end of the relations between employer and employee the vacation leave can only be accumulated in proportion to the period of work.

It should be noted that subdivision C–1 of the said Decree establishes also the right of the employees, subject to its provisions, to 15 days *sick leave* each year with full pay, in addition to the 15 days vacation leave. The limitation contained in the Decree in connection with vacations does not impair the right of the employee to the use of the 15 days of sick leave with full pay, as is the case with the enjoy-

ment of his annual leave. However, annual sick leave, and vacation leave, have a correlative number of days for monthly vacation and sick leave. No one can argue that an employee who has been working for his employer only six months is not entitled to the 7½ days of sick leave which he accumulated during said six months, because of the fact that the Decree acknowledges the right to such leave on the basis of 15 days *a year*. In both instances sick leave as well as vacation leave accumulate proportionally to the months worked. In the case of vacation leave, the employee can only enjoy them after he has served one year. But one thing is the enjoyment of the leave and another is the right to receive the amount corresponding to that part of the vacation which the employee proportionally accumulated month after month. Another interpretation of the Decree in question might lead to defeat the fundamental purpose which is pursued by this kind of labor protective measure.

Consequently, we hold that petitioner is entitled to the sum claimed in his complaint for vacation leave and to an equal amount by way of penalty.[2]

The judgment of the lower court will be reversed and another rendered granting the complaint, in conformance with the terms of this opinion.

---

[2] The clinic defendant, although it denied in its answer the essential averments of the complaint, accepted them the day of the trial of the lower court, limiting the controversy to the questions of law that we have already considered.